UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM MALCOLM HODGES                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:21-CV-536-KHJ-MTP

ALLSTATE INSURANCE COMPANY                                          DEFENDANT

ORDER

This action is before the Court on Defendant Allstate Insurance Company's ("Allstate") Motion to Dismiss [4]. For the following reasons, the Court denies Allstate's Motion to Dismiss without prejudice and allows Plaintiff William Malcolm Hodges to amend his Complaint.

I.      Facts and Procedural History

Hodges, a former Allstate agent, owned and operated an Allstate agency between 2008 and 2019. Pl.'s Compl. [1-1] ¶¶ 8–9. Hodges claims "Allstate recruited and induced [him] to work as an Allstate agent" by promising living wages and a retirement incentive. *Id.* ¶ 6. He also asserts that Allstate promised an economic interest in his book of business and the ability to sell his agency to a third party if he decided to retire or stop working as an Allstate agent. *Id.* ¶¶ 6–7.

On November 7, 2007, Hodges entered the Allstate R3001S Exclusive Agency Agreement ("Agreement") with Allstate. *Id.* ¶ 8. In 2019, he decided to leave the insurance industry and let Allstate know of his intent to sell his economic interest in his book of business. *Id.* ¶ 10. Hodges alleges that Allstate represented it would

help him find a buyer for his agency. *Id.* ¶ 11. Hodges claims Allstate, however, did not assist him, which forced him to locate buyers without Allstate's help. *Id.* ¶ 12.

Hodges solicited three offers to purchase his agency. *Id.* ¶ 13. The first buyer offered $400,000 and the second buyer offered $375,000, but Allstate "unjustifiabl[y] refused" to approve the purchases. *Id.* ¶¶13–15. After these refusals, a third buyer offered $375,000. *Id.* ¶ 16. Hodges alleges that Allstate told the third buyer that Allstate intended to close Hodges' agency and distribute his clients to the third buyer. *Id.* ¶ 17. Hodges concludes that Allstate's actions "intentionally and unjustifiably interfered with [his] attempts to [sell] his agency[,]" thus breaching the duty of good faith and fair dealing and causing him significant damage. *Id.* ¶ 18. Hodges then claims he had to sell his agency to another buyer for substantially less than what the three other potential buyers offered. *Id.* ¶ 19.

Hodges sued Allstate in Mississippi state court, alleging (1) breach of fiduciary duty; (2) tortious interference with contracts and business relationships; (3) breach of covenant of good faith and fair dealing; (4) negligence and gross negligence; (5) tortious interference with business; (6) punitive damages; (7) negligent and intentional infliction of emotional distress; and (8) reckless disregard. *Id.* ¶¶ 22–43. Allstate removed the action to this Court. [1]. Allstate now moves to dismiss all of Hodges' claims. [4].

II. Standard

In reviewing a motion under Rule 12(b)(6), the court must consider whether the complaint states a valid claim for relief, viewing all evidence in the light most

favorable to the plaintiff. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555). The court may consider documents incorporated into the complaint by reference.[1] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citations omitted).

III. Analysis

Allstate moves to dismiss all of Hodges's claims, arguing that he fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def.'s Memo in Support of Mot. to Dismiss [5] at 6. The Court finds that Hodges fails to state a claim on only some of his claims.

  A. Breach of Fiduciary Duty

Allstate moves to dismiss Hodges's breach of fiduciary duty claim, arguing that it does not owe Hodges a fiduciary duty because Mississippi does not recognize

---

[1] Allstate attached materials to its Motion to Dismiss that Hodges's did not attach to his Complaint. The Court, however, does not convert Allstate's motion into one for summary judgment because Hodges references these documents in his Complaint, and they are central to his claims. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); Fed. R. Civ. P. 12(d).

3

that relationship between an insurance company and its agent. [5] at 9. Allstate further contends that Hodges's claim fails because his allegations only show a subjective trust, which cannot transform an arm's length relationship into a fiduciary relationship. *Id.* at 10.

Hodges responds that a fiduciary relationship can arise not only from a contractual relationship, but also from extracontractual acts or party history, specifically when the conduct in question exceeds the nature of the contract. Pl.'s Memo in Support of Resp. [12] at 12. Under both approaches, Hodges argues that a fiduciary relationship arose between the parties. *Id.* at 14-15.

Typically, a fiduciary relationship does not arise in an arm's length agreement. *See, e.g.*, *Robley v. Blue Cross/Blue Shield of Miss.*, 935 So. 2d 990, 995–96 (Miss. 2006); *AmSouth Bank v. Gupta*, 838 So. 2d 205, 216–17 (Miss. 2002); *Burgess v. Bankplus*, 830 So. 2d 1223, 1228 (Miss. 2002). But Mississippi recognizes four factors that may convert a contractual relationship into a fiduciary relationship, including:

> (1) the activities of the parties are beyond their operating on their own behalf, and the activities [are] for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other.

*Robley*, 935 So. 2d at 995. In other words, a fiduciary relationship "need not be created by contract; it may arise from an informal relationship where both parties understand that a special trust and confidence has been reposed." *Lowery v. Guar. Bank & Tr. Co.*, 592 So. 2d 79, 83 (Miss. 1991). "While Mississippi does not require

'magic words,' there must be evidence that both parties understood that a special trust and confidence was being reposed." *Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 758 (Miss. 2004). The party seeking to establish that a fiduciary relationship exists bears the burden of proving such relationship by clear and convincing evidence. *Gupta*, 838 So. 2d at 216.

Employing the four-factor standard for converting a contractual relationship into a fiduciary one, this Court has recognized that with no "contract that . . . indicates [a] desire [] to be bound in a fiduciary relationship," insurance agents are not in fiduciary relationships with insurance companies they contract with because such agents are not "under the dominion and control of the company in any sense more than is common for an insurance agency contract." *Ward v. Life Invest. Ins. Co. of Am.*, 383 F. Supp. 2d 882, 887 (S.D. Miss. 2005). Here, the Agreement contains nothing that reflects Allstate desire to be bound in a fiduciary relationship with Hodges. *But see Russell v. Allianz Life Ins. Co. of N. Am.*, No. 3:13-cv-030-DMB, JMV, 2014 WL 4545807, at *8 (N.D. Miss. Sept. 12, 2014) (converting a contractual relationship to one fiduciary in character because the "Agreement expressly acknowledged that both parties . . . occup[y] a position of trust and confidence . . . and each agrees to act in accordance with . . . fiduciary standards . . ."). Without intention, the Court will not impose the added responsibility of a fiduciary duty upon Allstate. And "subjective trust is not sufficient to transform an arm's length transaction into a fiduciary relationship." *Ward*, 383 F. Supp. 2d at 888 (quoting *Kardell v. Union Bankers Ins. Co.*, No. 05-01-00662-cv, 2002 WL

5

1809867, at *7 (Tex. App. Aug. 8, 2002)). Hodges does not plead facts to show a fiduciary relationship with Allstate. The Court therefore finds Hodges fails to state this claim.

> B.  Negligence and Gross Negligence

Allstate moves to dismiss Hodges's negligence and gross negligence claims because Hodges did not allege any facts that Allstate owed him a duty or breached any such duty. [5] at 15. Specifically, Allstate contends that Hodges identified no duty in the Agreement that Allstate could have breached, nor did Hodges allege that Allstate's actions were negligent. *Id.* at 16. Hodges responds that because he has adequately pled breach of the covenant of good faith and fair dealing, he has accomplished the same for negligence. [12] at 16. But Allstate insists that because Hodges based his negligence and gross negligence claims on Allstate's breach of the duty of good faith and fair dealing, he has pled duplicative claims, and thus the former claims fail for the same reasons as the latter claim. *See* [19] at 8.

"To succeed on a claim for negligence, the plaintiff must prove duty, breach, causation, and injury." *Meena v. Wilburn*, 603 So. 2d 866, 869 (Miss. 1992). Besides these typical negligence elements, gross negligence requires a showing of an "intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another." *Doe v. Salvation Army*, 835 So. 2d 76, 77 (Miss. 2003). Duty and breach of duty must be shown first because they are essential to finding negligence. *See Strantz v. Pinion*, 652 So. 2d 738, 742 (Miss. 1995). "A 'duty' can be assumed by contract or a gratuitous promise

accompanied by detrimental reliance, but . . . not all contractual duties are duties of care." *Clausell v. Bourque*, 158 So. 3d 384, 391 (Miss. Ct. App. 2015) (en banc) (quoting *Hazell Mach. Co. v. Shahan*, 161 So. 2d 618, 623 (Miss. 1964)). "[T]he breach of a contract (whether described as 'negligent' or not) is not actionable in tort under an ordinary negligence theory unless breaching the contract also breached a duty of care recognized by tort law." *Id.* So, "[t]here must be a duty of care fixed by law and independent of the contract." *Id.*; *cf. Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-cv-15-DMB-RP, 2017 WL 4228760, at *5 (N.D. Miss. Sept. 22, 2017) (denying defendant's motion to dismiss plaintiff's gross negligence claim because the claim was based on defendant's independent duty under the Fair Credit Reporting Act, and therefore the defendant's duty was fixed by law and independent of any contract).

Hodges's negligence and gross negligence claims are founded on his breach of good faith and fair dealing and breach of fiduciary duty claims, *see* [12] at 16, and [1-1] at ¶ 18. His Complaint merely suggests that Allstate owed him a duty based on the covenants of good faith and fair dealing implied in the Agreement, and with no other allegations that Allstate owed him a duty fixed by law and independent of the Agreement, he fails to state a claim for negligence and gross negligence.

C. Negligent and Intentional Infliction of Emotional Distress

Allstate moves to dismiss Hodges's intentional infliction of emotional distress ("IIED") claim because he does not allege outrageous conduct. [5] at 17. Hodges argues that he may recover for mental anguish and emotional distress in a breach

7

of contract action because his mental anguish was a foreseeable consequence of Allstate's alleged interference with the sale of his business, and Allstate's bad-faith actions caused him to suffer "anxiety, mental anguish, and emotional distress." [12] at 19. Allstate points out that the Complaint does not seek emotional distress damages (i.e., a remedy) for breach of contract, but asserts a separate cause of action for intentional and negligent infliction of emotional distress instead. *See* Def.'s Reply [19] at 10.

The Court agrees with Allstate. In Mississippi, a plaintiff can separately claim emotional distress and mental anguish damages in a breach of contract case. *See Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 173 (Miss. 2004). The Complaint is styled, "Count VII - Negligent and Intentional Infliction of Emotional Distress," and the Court addresses the cause of action as stated.

To recover damages for IIED, "the conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Brown v. Inter-City Fed. Bank. for Sav.*, 738 So. 2d 262, 265 (Miss. Ct. App. 1999) (internal quotations and citations omitted). Liability does not extend "to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Id.* (citations omitted). Taking the well-pleaded factual allegations as true, Allstate's alleged conduct does not rise to the heightened level of IIED. Hodges alleges a bare conclusory statement that Allstate's actions constitute IIED. *See* [1-1] at ¶ 41. In his response, Hodges argues that "Allstate's interfere[nce] with the sale of his business

undermined his ability to obtain the full benefit for his bargain for an adequate retirement," [12] at 19. But this conduct is not "so egregious as to shock the conscience." *Poindexter v. S. United Fire Ins. Co.*, 880 So. 2d 373, 377 (Miss. Ct. App. 2004). Hodges fails to sufficiently plead this claim.

Likewise, Allstate moves to dismiss Hodges's negligent infliction of emotional distress claim ("NIED") because he does not allege a physical manifestation of an injury. *See* [5] at 17. In Mississippi, "[a] plaintiff may not recover for a claim of [NIED] without showing that he or she suffered a physical injury." *Waters v. Allegue*, 980 So. 2d 314, 319 (Miss. Ct. App. 2008) (citations omitted). In other words, a plaintiff must prove "some sort of physical manifestation of injury or demonstratable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Randolph v. Lambert*, 926 So. 2d 941, 941 (Miss. Ct. App. 2006). Hodges only alleges that because of Allstate's conduct, he "suffer[ed] anxiety, mental anguish and emotional distress." [1-1] at ¶ 41. Besides this conclusory sentence, Hodges alleges nothing else tending to show a physical manifestation of injury or demonstratable harm, thereby such allegations do not state a claim for NIED. *See Randolph*, 926 So. 2d at 947 (holding that "[e]vidence that [plaintiff] is very depressed and very upset is insufficient to sustain damages for mental anguish."). Hodges therefore fails to state this claim.

D. Reckless Disregard

Allstate moves to dismiss Hodges's reckless disregard claim because Mississippi does not recognize reckless disregard as a separate tort, but it is a

9

higher degree of negligence. [5] at 22. Because Hodges did not adequately allege the tort of negligence, Allstate argues that his claim for reckless disregard should also be dismissed. *Id.*

Hodges alleges that Allstate acted with reckless disregard for the safety and rights of Hodges, amounting to an independent tort and entitling him to punitive damages. [1-1] at ¶ 43. The Court agrees with Allstate that Mississippi does not recognize reckless disregard as an independent tort. And Hodges cites no authority suggesting that reckless disregard amounts to an independent tort. *See* [12] at 16. The Supreme Court of Mississippi has described reckless disregard as a higher standard than gross negligence, embracing both willful and wanton conduct, which requires knowingly and intentionally doing a thing or wrongful act. *Collins v. Tallahatchie Cnty.*, 876 So. 2d 284, 287 (Miss. 2004). It is less than an intentional act, but more than mere negligence. *Davis v. City of Clarksdale*, 18 So. 3d 246, 249 (Miss. 2009). Given Hodges's allegation that "[Allstate's] acts and omissions warrant punitive damages," [1-1] at ¶ 43, the Court assumes that Hodges seeks punitive damages as relief based on reckless disregard. As a result, Hodges fails to state a claim for reckless disregard.

### E. Punitive Damages

Allstate argues that Hodges's punitive damages claim should be dismissed because Mississippi does not recognize an independent cause of action for such damages. [5] at 20. The Court agrees with Allstate. *See Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 674 (S.D. Miss. 2007) ("Punitive damages are not an

independent cause of action, they are a remedy[,]" so that "if there are no actual damage, then there is no right to sue for punitive damages") (internal quotations and citations omitted). The Court still acknowledges that Hodges seeks punitive damages as a prayer for relief. *See* [1-1] ¶ II. In Mississippi, punitive damages may be awarded if the plaintiff has shown by clear and convincing evidence that the defendant acted "with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a). The Court assumes that Hodges seeks punitive damages based on gross negligence and reckless disregard, even though it appears he asserts them as independent causes of action. The Court therefore finds that Hodges fails to state this claim as much as he asserts it as an independent cause of action.

    F.  All Other Claims

The Court finds Hodges has stated claims for tortious interference with contracts, tortious interference with business relations, and breach of covenant of good faith and fair dealing.

IV.   Leave to Amend

Hodges reserves the right to request leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* [12] at 21. "[A] court generally should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated

opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (citations omitted). The Court finds that no such reasons are present here and grants Hodges the leave to amend.

V. Conclusion

The Court will provide Hodges an opportunity to amend his Complaint and plead his best case. If he does not, the Court will dismiss all claims that do not state a claim upon which relief should be granted.

The Court DENIES Defendant's Motion to Dismiss [4] without prejudice.

IT IS FURTHER ORDERED that the Court will allow Hodges to amend his Complaint to cure deficiencies identified by the Court within 14 days from today.

SO ORDERED AND ADJUDGED this the 11th day of March, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE